No. 2705

Second Circuit

---

GEORGE v. TEXAS PIPE LINE COMPANY

---

(June 30, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 626; Master and Servant—Par. 160 (I).**

The finding of the trial court as to the credibility of the plaintiff, an injured employee suing for compensation under the Workmen's Compensation Act No. 20 of 1914, as a witness was negligible being clearly correct is affirmed.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

Action by Sidney W. George against Texas Pipe Line Company. There was judgment for defendant, and plaintiff appealed.

Judgment affirmed.

Long and McSween, of Shreveport, attorneys for plaintiff, appellant.

Pugh and Boatner, of Shreveport, attorneys for defendant, appellee.

WEBB, J. The plaintiff brings this action to recover compensation for permanent total disability to do any work of a reasonable character, alleged to have resulted from an injury sustained by him while in the employment of the defendant.

On trial, judgment was rendered rejecting the plaintiff's demands and he has appealed.

OPINION

The plaintiff was in the employ of the defendant on October 7, 1925, as a laborer on a pipe line being laid by the defendant, receiving for his services a weekly wage of twenty-eight dollars, and he testifies that on the date above, while he, together with three other men were moving an apparatus used in laying pipe lines, known as a "horse" and weighing three hundred and twenty-nine pounds, one of the men who had hold of the corner of the machine diagonally opposite plaintiff, lifted up on that end and threw the weight of the ap-

paratus upon plaintiff, causing him to slip or fall into a ditch over which the "horse" was being carried, and that he felt a severe pain in his back, which had increased until it had reached such severity in December, 1925, as to totally disable him from doing any work of a reasonable character.

The evidence establishes that all work on the pipe line was discontinued on the date on which the plaintiff claims he was injured and all of the laborers discharged, with the exception of plaintiff who was retained in the employ of defendant as the driver of a truck, in which service he was required to load and unload pipe and for which he was to receive a weekly wage of forty dollars; that plaintiff took up the work of operating the truck on the 8th of October and continued in this work until the 22nd of October when he became ill with fever and laid off until November 10th when he went back to work and continued until November 27th when he was again ill with fever and was again laid off until December 20th when he went back to work and worked for four days when he discontinued his employment and had not worked again at the date of the trial, February 26, 1926.

An x-ray examination of plaintiff showed that there had been a slipping or displacement of the fourth and fifth lumbar vertebrae and the plaintiff is of the opinion that this displacement was due to the strain which he states he felt when the weight of the machine or "horse" was thrown upon him by one of the carriers lifting up the corner of the machine.

The physicians who examined plaintiff were of the opinion that the abnormality of the spine was slight and that it may have been in the position shown by the x-ray from plaintiff's birth, and if so that it would not have disabled plaintiff to any extent, but that if it was due to a strain it would disable plaintiff from lifting heavy weights or from bending his body and seriously disable him.

The physicians were also of the opinion that if the vertebrae had been displaced by trauma or a strain, as plaintiff was of the opinion it had been, he would have been completely disabled at that time from continuing with his work; but the evidence shows that plaintiff continued in the work of carrying the "horse" immediately after the time he states he felt the strain, and it further shows that he accepted employment the day following the alleged accident which required that he should do heavy lifting and work which the physicians were of the opinion he could not have done had the vertebrae been displaced by the strain.

The plaintiff claims that his back pained him from the time of the strain, yet he admits that when he applied for work as a driver of a truck, which also required him to load and unload pipe, he made no complaint of any disability but on the other hand he assured the representative of defendant who engaged him to drive the truck of his ability to do the work.

The physicians stated that the fever with which plaintiff was stricken while he was driving the truck, could be accounted for if the strain had caused a hemorrhage which would have left a discolored spot on the body, and the plaintiff upon being recalled stated that there was such a discolored place on his back. However the physicians who had examined plaintiff several times did not mention this circumstance.

While the plaintiff states he is unable to work due to pains in his back, the evidence shows that he has been taking exercise on a horizontal bar, such as lifting his body with his arms, "chinning the bar" without discomfort, although he states that he is unable to lift himself the number of times he could prior to the accident.

As we view the evidence in this cause, giving full credence to the statement of plaintiff, it presents an instance where the right of plaintiff to recover would have to be based solely on the assumption that any disability with which he claims to suffer must be attributed to the strain which he states he received, as the evidence does not otherwise account for his disability, although the physicians called by him are unable to account for the plaintiff's ability to have continued with his work if the strain caused the displacement of the vertebrae.

Conceding that in such situation the judgment should be for the plaintiff, it depends solely upon the testimony of the plaintiff, who was found by the trial court to be wanting in credibility, and as we are of the opinion that the record warrants such finding, we shall affirm the judgment.